IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33002-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SOPHEAP CHITH, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, A.C.J. — Sopheap Chith appeals his witness intimidation and drive-by shooting convictions. He contends (1) insufficient evidence supports his conviction for witness intimidation and alternatively that he received ineffective assistance of counsel because his counsel failed to argue same criminal conduct for his witness intimidation and second degree assault convictions, (2) a unanimity instruction was required on the drive-by shooting charge, and (3) the trial court erred in imposing substance abuse treatment as a community custody condition. Because insufficient evidence supports the witness intimidation conviction and no findings support the imposition of the community custody condition, we agree with Mr. Chith's first and third contentions, but we hold under these facts that no unanimity instruction was required because of a continuing course of conduct. Accordingly, we reverse the witness intimidation

conviction, remand for the trial court to resentence on the community custody condition, and affirm Mr. Chith's drive-by shooting conviction.

## FACTS

On February 5, 2013, Mr. Chith stole a silver Honda Civic from the parking lot of a Puyallup apartment complex. Mr. Chith and his girlfriend, Tiffany LaPlante, drove the car to an apartment complex in Spanaway, where the pair joined Sothea Chum and Nicole Shoemaker; they began removing the Civic's tires before Mr. Chith left, fearing capture. People noticed Mr. Chith on the way to Spanaway. Gabriel Colbern sat at a red light at a busy intersection, waiting to turn left, when he saw Mr. Chith across the intersection. Mr. Chith stood outside the Civic, which was stopped at a red light. He appeared to be yelling at the person inside the car. When the light changed, Mr. Chith got back in his car and turned right, directly in front of Mr. Colbern's car. Mr. Colbern noted Mr. Chith was gesturing angrily at his passenger. Ms. LaPlante later told officers Mr. Chith was upset with her, got out of the car, returned, and head-butted her.

Mr. Colbern followed Mr. Chith, noting he drove erratically, weaving and fishtailing in and out of lanes. Mr. Colbern saw Mr. Chith fire two shots from the car, shattering the driver's side window, prompting Mr. Colbern to call the police. Mr. Colbern continued to follow Mr. Chith until he stopped in a center turn lane near a junior high school. Mr. Chith tried to wave Mr. Colbern past him, but Mr. Colbern stayed where he was. Mr. Chith then fired two or three shots at or near Mr. Colbern in an attempt to scare Mr. Colbern. Mr. Chith resumed driving, firing two more shots "just

2

toward the neighborhood that was there." Report of Proceedings at 293-94. Mr. Chith drove on, running a red light. A school bus full of children hit Mr. Chith's car, loosening the rear bumper. Mr. Chith still continued to drive, however Mr. Colbern lost sight of the car. Mr. Colbern remained on the phone with the police during this time.

Anna Monroe saw Mr. Chith near a busy intersection as she drove home from work. She drove behind Mr. Chith, who was driving aggressively. She saw Mr. Chith extend his arm out the driver's window and fire two shots into the air. Ms. Monroe lost sight of Mr. Chith when his car turned left.

The State charged multiple crimes. A jury found Mr. Chith guilty of the following counts: (I) second degree assault with a firearm enhancement; (II) drive-by shooting; (III) unlawful possession of a stolen vehicle with a firearm enhancement; (IV) second degree unlawful possession of a firearm; (V) reckless driving; (VI) hit and run; (VII) third degree driving with a suspended license; (VIII) violation of a court order with a firearm enhancement; (IX) first degree taking of a motor vehicle without permission with a firearm enhancement; and (X) witness intimidation with a firearm enhancement. The trial court dismissed count III, ruling it merged with count IX. The court sentenced Mr. Chith to concurrent standard range sentences on the felonies plus four firearm enhancements for a total sentence of 228 months. Without findings, the court ordered a substance abuse evaluation and treatment as a community custody condition. Mr. Chith appealed.

ANALYSIS

3

A. Witness-Intimidation Evidence

The issue is whether Mr. Chith's witness intimidation conviction is supported by sufficient evidence under RCW 9A.72.110(1)(a). "A defendant's challenge to the sufficiency of the evidence requires the reviewing court to view the evidence in the light most favorable to the State and to determine whether any rational trier of fact could have found the elements of the charged crime beyond a reasonable doubt." *State v. Brown*, 162 Wn.2d 422, 428, 173 P.3d 245 (2007).

RCW 9A.72.110, in relevant part, provides:

(1) A person is guilty of intimidating a witness if a person, by use of a threat against a current or prospective witness, attempts to:
(a) Influence the testimony of that person;
(b) Induce that person to elude legal process summoning him or her to testify;
(c) Induce that person to absent himself or herself from such proceedings; or
(d) Induce that person not to report the information relevant to a criminal investigation.

"Subsections (a) through (d) describe alternative means of committing the crime of intimidating a witness." *Brown*, 162 Wn.2d at 428.

*Brown* is dispositive. In *Brown*, the defendant committed a burglary. *Id.* at 426. He told a woman who overheard him discussing the burglary that she would "'pay'" if she spoke to police. *Id.* The defendant was subsequently convicted of intimidating a witness under the theory that his threat was made to a person he believed would be called as a witness against him. *Id.* at 427. The Supreme Court concluded insufficient evidence supported his conviction because the evidence only proved the defendant

4

intended to prevent the witness from providing information to the police; the evidence did not show the defendant intended to influence the witness' testimony. *Id.* at 430.

Mr. Chith's case is similar to *Brown.* Evidence shows Mr. Chith did not want Mr. Colbern reporting his activities to the police. But no evidence shows Mr. Chith wanted Mr. Colbern to change his testimony. The evidence, viewed most favorably to the State, shows Mr. Chith threatened Mr. Colbern in an attempt to prevent him from providing any information to the police. This is insufficient to meet the influencing testimony prong of RCW 9A.72.110. Because insufficient evidence supports his witness intimidation conviction, we do not address Mr. Chith's alternative ineffective assistance arguments.

### B. Unanimity Instruction.

The issue is whether, considering the evidence describing several shootings, the trial court erred by not giving a unanimity instruction for the drive-by shooting charge. Mr. Chith argues that, if so, the omission was not harmless error.

"A person is guilty of drive-by shooting when he . . . recklessly discharges a firearm . . . in a manner which creates a substantial risk of death or serious physical injury to another person and the discharge is . . . from a motor vehicle." RCW 9A.36.045(1). While "[a] person who unlawfully discharges a firearm from a moving motor vehicle may be inferred to have engaged in reckless conduct," this inference may be overcome. RCW 9A.36.045(2).

Because of its constitutional implications, we must consider a unanimity instruction argument regardless of whether such an instruction was proposed or argued.

5

*State v. Fiallo-Lopez*, 78 Wn. App. 717, 725, 899 P.2d 1294 (1995). "When the facts show two or more criminal acts which could constitute the crime charged, the jury must unanimously agree on the same act to convict the defendant." *Id.* at 723-24. As such, the State must specify "the specific criminal act on which it is relying for conviction." *Id.* at 724. If the State does not do so, "the trial court must instruct the jury that all the jurors must agree that the same underlying criminal act was proven beyond a reasonable doubt." *Id.* The failure of the State or the trial court to act accordingly is constitutional error. *State v. Bobenhouse*, 166 Wn.2d 881, 893, 214 P.3d 907 (2009). The error results from the possibility some jurors may have relied on one act or incident and some jurors a different act, resulting in a lack of unanimity on all elements necessary for a valid conviction. *State v. Kitchen*, 110 Wn.2d 403, 411, 756 P.2d 105 (1988).

However, no unanimity instruction is needed if the evidence shows the defendant was engaged in a "continuing course of conduct." *Fiallo-Lopez*, 78 Wn. App. at 724. "We review the facts in a commonsense manner to decide whether criminal conduct constitutes one continuing act." *Id.* In analyzing whether a continuing course of conduct exists, courts consider various factors. *Id.* "Generally, evidence that the charged conduct occurred at different times and places tends to show that several distinct acts occurred rather than a continuing course of conduct." *Id.* Additionally, evidence of a single victim is not by itself enough to show one continuing offense. *Id.* But "evidence that a defendant engages in a series of actions intended to secure the

6

same objective supports the characterization of those actions as a continuing course of conduct rather than several distinct acts." *Id.*

In *State v. Handran*, 113 Wn.2d 11, 775 P.2d 453 (1989), the defendant entered his ex-wife's apartment at night via the window. *Id.* at 12. He kissed her then hit her in the face. *Id.* A unanimity instruction was not needed for the two alleged assaults because the defendant's actions showed a continuing course of conduct intended to secure sexual relations with the victim rather than several distinct acts. *Id.* at 17. Similarly, in *Fiallo-Lopez*, a unanimity instruction was not needed on the charge of delivery of cocaine. *Fiallo-Lopez*, 78 Wn. App. 717. The evidence showed two discrete acts of delivering cocaine, a sample at a restaurant and bags of cocaine at a grocery store. *Id.* at 725. The court found the two deliveries of cocaine were a continuing course of conduct: the purchaser of each sale was the same and the purchases were near in time. *Id.* at 725-26.

But a unanimity instruction was required in *State v. Petrich*, 101 Wn.2d 566, 683 P.2d 173 (1984), *overruled in part on other grounds by Kitchen*, 110 Wn.2d 403. The State charged the defendant with one count of indecent liberties and one count of second degree statutory rape. *Id.* at 568. The victim testified to at least four episodes of sexual contact during a 22-month period. *Id.* Because each incident occurred in a separate time frame and identifying place and the sole connection between the incidents was the victim, a unanimity instruction was necessary. *Id.* at 571-73.

7

Contrary to Mr. Chith's assertions, his case is more similar to *Handran* and *Fiallo-Lopez* than *Petrich*. Mr. Chith agrees the shootings were relatively close in time but argues they were separable by geographic location and motivation. But Mr. Chith did not present any motivation evidence at trial. Looking at the shooting conduct in a commonsense manner, the evidence shows Mr. Chith's actions were intended to secure the same objective: stealing and stripping a car. The first shooting occurred sometime after Mr. Chith and Ms. LaPlante got into an argument about stealing the car. While he may have been upset with Ms. LaPlante, he wanted to get away with stealing the car. The second shooting occurred when Mr. Chith shot at Mr. Colbern. Mr. Chith saw Mr. Colbern following him and using the phone. He wanted Mr. Colbern to leave him alone so he would not be caught with a stolen car and consequently fired at Mr. Colbern. The shooting was motivated by a desire to get away with stealing a car. The third shooting occurred a little after Mr. Colbern refused to go ahead of Mr. Chith. Once again, Mr. Chith was upset because he could not get rid of the witness to his crime. The fourth shooting occurred sometime after the bus accident, inferably because Mr. Chith was frustrated with the situation regarding the stolen car and not getting caught. While generally distinct acts, Mr. Chith's crimes occurred close in time in the same moving vehicle and were motivated by the same objective of getting away with his crime.

However, even had we found it was error to not give a unanimity instruction, it was harmless. *See Petrich*, 101 Wn.2d at 573 ("The error is harmless only if a rational trier of fact could have found each incident proved beyond a reasonable doubt."). All

8

four shootings carried with them a substantial risk of physical injury. The first shooting was in the middle of the afternoon, when people were getting off work, with traffic on the road. The second and third shootings were in Mr. Colbern's direction, at a nearby school, and into a neighborhood. The fourth shooting was also in an area where people were traveling.

### C. Community Custody Condition

The issue is whether, under RCW 9.94A.607(1), the trial court erred when ordering a substance abuse evaluation and treatment as a condition of community custody without making required findings. The State concedes remand is required.

RCW 9.94A.607(1) allows a court to order rehabilitative chemical dependency treatment provided the court "finds that the offender has a chemical dependency that contributed to his . . . offense." Both the State and Mr. Chith agree the trial court did not make the appropriate findings. However, while the State requests we remand for the trial court to make the appropriate findings and keep the condition, Mr. Chith argues *State v. Jones*, 118 Wn. App. 199, 76 P.3d 258 (2003), and *State v. Lopez*, 142 Wn. App. 341, 353-54, 174 P.3d 1216 (2007), require dismissal. In *Lopez*, the court struck the mental health treatment condition of community custody because the trial court did not make the statutorily required finding that mental illness contributed to the crime. 142 Wn. App. at 353-54. The court found no basis in the record for the imposition of such a condition. *Id.* at 345; *see also Jones*, 118 Wn. App. at 207, 211 (striking the alcohol counseling condition because nothing in the record showed alcohol contributed

9

No. 33002-8-III
*State v. Chith*

to the offense and striking the mental health treatment condition unless the trial court determined it could lawfully and presently comply with statutory requirements).

Here, testimony showed Mr. Chith's drug addiction contributed to the crime. RCW 9.94A.607(1) mandates certain findings must be made before substance abuse treatment can be ordered; remanding to make those findings does not render the statutory language superfluous. *See State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003). Provided the trial court on remand can make the requisite findings, the condition should be kept. And if the trial court cannot make those findings, it should strike the condition.

Witness intimidation conviction reversed, drive-by shooting conviction affirmed, and remanded for resentencing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, A.C.J.

WE CONCUR:

Korsmo, J.

Lawrence-Berrey, J.

10